UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SANDRA GRANT, )
)
        Plaintiff, )
)
        v. ) Case: 1:16-cv-00983
) Assigned To : Unassigned
) Assign. Date : 5/24/2016
DANVILLE MEMORIAL HOSPITAL, *et al.*, ) Description: Pro Se Gen. Civil (F Deck)
)
        Defendants. )

## MEMORANDUM OPINION

This matter comes before the court on review of the plaintiff's application to proceed *in forma pauperis* and her *pro se* civil complaint. The Court will grant the application, and dismiss the complaint with prejudice.

According to the plaintiff, she and her children have been the victims of stalking, harassment and thefts, *see* Compl. ¶¶ 2-4, gas leaks, *id.* ¶ 5, and water contamination, *id.* ¶ 7. Public officials did not respond to her complaints, *see id.* ¶¶ 6-8, and her family members "did not believe the details" about these events, *id.* ¶ 17. Rather, her sister and brother arranged to have her undergo a psychiatric evaluation. *See id.* ¶¶ 14, 17. Plaintiff believed that her "illegal and unlawful hospitalization was being leaked to law enforcement" to be used as "psychological terrorism" against her. *Id.* ¶ 52. She has brought this "claim [for] reputational damages against the psychiatric doctors and 'mental health' professionals at Danville Memorial Hospital and her assigned physician at the Southern Virginia Mental Health Institute for negligence and unethical practices." *Id.* at 7 (page number designated by the Court).

Federal district courts have jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. In addition, federal district courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000, and the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a). The complaint raises tort claims of negligence and perhaps defamation. Plaintiff does not articulate a claim arising under the United States Constitution or federal law and therefore she does not establish federal question jurisdiction. And even though the parties appear to reside and conduct business in different states, because plaintiff does not demand damages in excess of $75,000, she does not establish diversity jurisdiction.

Accordingly, the complaint will be dismissed for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion is issued separately.

DATE: May 20, 2016

_____
United States District Judge